## National Cash Register Company, appellant, v. Harry B. Chipman, appellee.

Filed November 10, 1931. No. 27905.

*Scott & Scott,* for appellant.

*J. F. Ratcliff, contra.*

Heard before Goss, C. J., Dean and Eberly, JJ., and Raper and Ryan, District Judges.

Per Curiam.

This is an action brought by the appellant, National Cash Register Company, plaintiff below, to recover the amount of a promissory note alleged to have been made and delivered to it by the defendant below, appellee here.

So far as material, the answer, as well as the basis of the cross-petition, included the allegations that the only consideration for the note in suit, as well as for a certain sum of money alleged to have been paid by defendant to plaintiff, was an executory written contract of purchase entered into by the parties, by the terms of which the cash register company agreed to sell, deliver and install register No. 1098, represented by the plain-

tiff's agent to be "a combination cash register and calculating machine, which would perform mechanical calculations." Subsequent to the making of this contract, the payment of the sums sought to be recovered in the cross-petition, and the execution and delivery of the promissory note, a machine was shipped by the plaintiff to defendant, and by the latter, upon examination, returned to the sender for the reason, alleged in behalf of the purchaser, that it had no calculating attachment, and was not as represented. The plaintiff denied the making of the representation that the machine in question was a combination cash register and calculating machine. There was a trial to the court, in which a jury was waived by the parties, and a finding and judgment for the defendant as prayed in his answer and cross-petition.

Plaintiff's evidence, it may be said, was to the effect that no such representation was made at the time of the making of the contract. Two witnesses in behalf of the defendant contradicted plaintiff's evidence, and testified to the making of the representation substantially as alleged. On this controverted evidence the trial court evidently determined the pivotal fact in favor of the defendant, and entered a judgment in his favor.

This being a law action, the case is not here for trial *de novo*, and the findings of the trial court must be given the same effect as a verdict of a jury. We are satisfied, in view of the testimony in the record, that it cannot be said that the evidence is insufficient to support the judgment.

It follows, therefore, that the judgment of the trial court is correct, and it is

AFFIRMED.